# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

November 25, 2020

BY ECF
Judge Alison J. Nathan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

　　　　Re:　　Calderon Lara et al v. Knollwood Road Delicatessen Inc. et al
　　　　　　　　1:19-cv-09996

Your Honor:

　　　　The undersigned respectfully submits this letter motion to request an extension of time by fourteen days to complete service of process against defendants Knollwood Deli, Inc. and Moaeen Tareb and a commensurate extension of time in which to file a Motion for Default Judgment. Plaintiffs submit that there is good cause to extend the time to effectuate service of the Amended Complaint.  In the alternative, Plaintiffs respectfully request that the Court exercise discretion to extend the time allotted for service of process.

　　　　Fed. R. Civ. P. 4(m) states,

　　　　"(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." Id.

Plaintiffs bear the burden of proof in showing that it had good cause in not timely serving a defendant, and good cause is measured against the plaintiffs' reasonable efforts to effect service and the prejudice to the defendant from the delay.  See, e.g., Motel 6 Sec. Litig. v. Hugh Thrasher, 1995 U.S. Dist. LEXIS 9954, *5-6, No. 93 Civ. 2183, 1995 WL 431326, at *2 (S.D.N.Y. July 20, 1995) (citing cases).

　　　　Although an extension of time is not mandatory in the absence of good cause, the Court may in its discretion extend the time to complete service.  See Advisory Committee Notes to Fed. R. Civ. P. 4(m) (amended Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); Rupert v. Metro-North Commuter R.R. Co., 1996 U.S. Dist. LEXIS 11292, No. 95 Civ. 4283, 1996 WL 447745, at *2 (S.D.N.Y. Aug. 7, 1996)

(citing cases); Henderson v. United States, 517 U.S. 654 (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'") (quoting Rule 4(m)).

"Some relevant factors to be considered in determining whether to grant discretionary relief to a plaintiff for failure to timely serve a defendant include: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief." In re Comverse Tech., Inc. Sec. Litig., 543 F Supp 2d 134, 146 [EDNY 2008]; see also Mares v. United States, 627 F. App'x 21, 23 [2d Cir. 2015] (whether there is a justifiable excuse for the failure to serve); Taylor v City of NY, 2019 US Dist LEXIS 92521, at *5-6 [SDNY June 3, 2019].

In this case, plaintiffs submit that good cause exists to permit an extension of time to serve defendants. In the alternative, plaintiffs respectfully request that the Court exercise discretion to permit the extension of time to serve.

Service had not been effectuated on the Corporate Defendant Knollwood Deli, Inc. as intended due to ambiguities made apparent by the process server. Upon further investigation, it has come to our attention that the corporate defendants named in this action, Knollwood Road Delicatessen, Inc. and Knollwood Deli, Inc., both doing business as "Knollwood Gourmet Deli," constitute a singular entity and indeed do not exist as separate corporations as prior understanding dictated. Per the process server's explanation, the aforementioned corporations operate out of the same business address and thus a summons and compliant intended for Knollwood Deli, Inc. had been mistakenly, although understandably, re-served on the Corporate Defendant Knollwood Road Delicatessen, Inc., for which service had been previously executed on November 27, 2019. Service had likewise not been effectuated on Defendant Moaeen Tareb due to a clerical error through which the original complaint rather the Amended Complaint was delivered to his actual place of business.

Owing to these unforeseen events, the time in which to serve this case under F.R.C.P. 4(m) was not substantial enough to rectify and adequately effectuate service. Plaintiffs exercised due diligence in attempting to serve.

Should Your Honor not feel that the aforementioned reasons constitute good cause for an extension of time in which to serve, the undersigned respectfully submits that the above discretionary factors weigh in favor of extending time to serve. A refiled action against Knollwood Deli, Inc. and Moaeen Tareb would not be barred by the applicable statute of limitations. Service effectuated within thirty days of this motion would be less than two months outside the 90 day window allowed by Fed. R. Div. P. 4(m); as such, Defendants would not be prejudiced by such an extension. Defendants in the instant case would further not be prejudiced as service of a demand letter and draft complaint were served on them in December of 2020. Were this case to be dismissed and refiled against these two defendants, the result would be substantially the same as allowing service to be effectuated now.

Plaintiffs have not made any previous requests of this nature. No adversaries have appeared in the action.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

By: /s/Michael Faillace
Michael Faillace, Esq.