UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SERGIO CALDERON LARA, et al.,

                Plaintiff,  :  19-CV-9996 (OTW)

      -against-  :  **OPINION & ORDER**

KNOLLWOOD ROAD DELICATESSEN INC.

                Defendants.

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

      Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). (ECF 112 at 1). The Plaintiffs are current and formers employees of the Defendant, Knollwood Road Delicatessen, Inc. (ECF 81 ¶ 1). The parties have agreed to a negotiated settlement agreement which has been submitted to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015). (ECF 112). The parties have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF 102). For the reasons below, the settlement is **APPROVED**.

**I.     Background**

Plaintiffs were employed as cooks, grill men, and deli workers at the deli, Knollwood Road Delicatassen, Inc., located in both White Plains, New York and Bronx, New York. (ECF 81 ¶ 4). The Plaintiffs allege that they worked an excess of 40 hours per week without being paid the appropriate minimum wage, overtime, and the spread of hours compensation for the hours they worked. (ECF 81 ¶ 5). Plaintiff Sergio Calderon Lara worked about 69 to 70 hours a week and was required to work past his shift at least once a week. (ECF 81 ¶ 44) The Defendants did not pay him for the additional time that he worked. (ECF 81 ¶ 49). The Defendants did not give Plaintiff Sergio Calderon Lara any breaks and they also failed to provide him with notice of his rate of pay, the employer's regular pay day, and other necessary information as required by NYLL §195(1). (ECF 81 ¶ 10).

Plaintiff Bernando Segura-Lara alleges that he was employed as a deli worker and he regularly worked more than 40 hours a week. (ECF 81 ¶¶ 56, 59). The Defendant did provide Plaintiff Bernando Segura-Lara with 15-minute meal breaks while he worked at the Westchester location, however they would interrupt his breaks and require him to work. (ECF 81 ¶ 66). At the Bronx location, Plaintiff Bernando Segura-Lara did not receive any breaks or meal periods. (ECF 81 ¶ 65). Plaintiff Bernando Segura-Lara was not provided with any notice as to his rate of pay, the employer's regular pay, and other information as required by NYLL §195(1). (ECF 81 ¶ 71).

Plaintiff Jorge Granados alleges that he was employed as a grill man and a cook. (ECF 81 ¶ 73). Plaintiff Granados' pay did not change when he was required to work longer. (ECF 81 ¶ 82). The Defendants did provide Plaintiff Granados with 15-minute breaks however they were

interrupted. (ECF 81 ¶¶ 82, 84). The Defendants also did not provide Plaintiff Granados with any notice of his rate of pay, the employer's regular pay day, and other information required under NYLL §129(1). (ECF 81 ¶ 88). None of the Plaintiffs were required to keep track of their hours and they are unaware if Defendants used any time tracking device that accurately reflected the hours that they worked. (ECF 81 ¶¶¶ 51, 67, 85).

## II.    Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will recommend approval of such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) The plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

### a.  Range of Recovery

Plaintiffs' collective total potential recovery based upon unpaid overtime and minimum wage, but not liquidated damages, penalties, or interest, is $80,929.04. (ECF 112-2 at 1). As

broken down per Plaintiff, Plaintiff Bernando Segura-Lara's potential recovery is $64,129.54.00; Plaintiff Jorge Granados' potential recovery is $8,114.54.00; and, Plaintiff Sergio Calderon Lara's potential recovery is $8,686.00. (ECF 112-2 at 1).

Plaintiffs' collective total maximum potential recovery including liquidated damages, penalties, and interest is $278,140.06. (ECF 112-2 at 2). As broken down per Plaintiff, Plaintiff Bernando Segura-Lara's potential maximum recovery is $207,380.84; Plaintiff Jorge Granados' potential maximum recovery is $36,188.23; and Plaintiff Sergio Calderon Lara's potential maximum recovery is $34,570.99. (ECF 112-2 at 2).

The proposed settlement agreement amount is $80,000.00. (ECF 112-1 at 2). Of the total settlement amount, Plaintiffs would receive $53,600. (ECF 112-1 at 2). Plaintiff Bernando Seguara Lara would receive $26,775.05, which is approximately 42% of his potential recovery without liquidated damages, penalties, or interest, or 13% of his potential maximum recovery including. (ECF 112-1 at 2). Plaintiff Jorge Granados would receive $13,387.47, which is approximately 165% of his potential recovery without liquidated damages, penalties, or interest, or approximately 37% of his potential maximum recovery including. (ECF 112-1 at 2). Plaintiff Sergio Calderon Lara would receive $13,387.47, which is approximately 154% of his potential recovery without liquidated damages, penalties, or interest, or approximately 39% of his potential maximum recovery including. (ECF 112-1 at 2).

Under the proposed settlement agreement, counsel for Plaintiffs' would receive $26,400.00 for attorneys' fees and costs. (ECF 112 at 2). Counsel for Plaintiffs' billing records show a lodestar of $12,748.50. (ECF 112-3).

### b. Burden and Risks of Litigation

Here, Plaintiffs acknowledge that this case has been pending for nearly three years and in light of the time and expense of protracted litigation they feel as if the settlement is fair. (ECF 112, 2). Additionally, the Defendants deny that "the Plaintiff's worked more than 40 hours a week without appropriate minimum wage, overtime, and spread of hours compensation for the hours they worked." (ECF 90 & 81 ¶ 5). The Defendants also maintain that the Plaintiffs were paid on a timely basis. (ECF 81 ¶ 8). The Plaintiffs all assert that they were not paid on a timely basis and that they were not paid the required "spread of hours" for the days that they worked for more than 10 hours. (ECF 90 ¶¶ 7, 8).

Although Plaintiffs believe they have a strong case, the outcome of their case is uncertain. (ECF 112 at 2). The Plaintiffs would also prefer to settle rather than incur additional expenses from litigation and discovery. (ECF 112, 2). Additionally, this litigation has been pending for nearly three years and since the Plaintiffs have not yet proceeded to discovery they are unsure of how long it would for trial. (ECF 112, 2). The Plaintiffs are also satisfied with the settlement amount and believe it to be fair. (ECF 112, 2). Accordingly, given the risks of litigation, the settlement amount is reasonable.

### c. Arm's-Length Negotiation

The parties represented that the settlement was reached as the result of Court-appointed mediation (ECF 34 at 3), which is evidence of an arm's-length negotiation. *See*, *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

Under the proposed settlement agreement, counsel for Plaintiffs would be awarded $26,400.00 for attorneys' fees and costs. (ECF 112 at 2). The award of $26,400 represents approximately 33% of the proposed settlement agreement total of $80,000. Although there is no proportionality requirement, attorneys' fees in settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant'"); *Singh*

*v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33 1/3 %."). Counsel for Plaintiffs lodestar is $12,748.50. (ECF 112-3). The Court may award attorneys' fees higher than the lodestar in certain cases such as early settlements. *See, e.g.*, *Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018). Accordingly, counsel for Plaintiffs' attorneys' fees are reasonable.

### III.  Conclusion

For the foregoing reasons, the proposed settlement agreement should be approved as fair and reasonable. Plaintiff Bernando Segura-Lara will receive **$26,775.05**; Plaintiff Jorge Granados will receive **$13,387.47;** Plaintiff Sergio Calderon Lara will receive **$13,387.47**; and, Counsel for Plaintiffs will receive **$26,400.00** for attorneys' fees.[1]

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: December 5, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[1] Since Counsel for Plaintiffs' do not detail costs or provide supporting documentation, the entirety of the award for Counsel for Plaintiffs' will be allocated to attorneys' fees.